**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY CHAMBERS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  10-271E |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Maureen P. Kelly |
| CYNTHIA L. DAUB, Secretary of the | ) | |
| Pennsylvania Board of Probation and Parole, in her | ) | |
| Official and Individual Capacity; | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

In November 2010, at the time, Larry Chambers ("Plaintiff") initiated this suit, he was

incarcerated in the State Correctional Institution at Forest ("SCI-Forest").  Plaintiff named as the

sole Defendant Cynthia Daub ("Daub"), the Secretary of the Pennsylvania Board of Probation

and Parole.  Plaintiff claimed that application of Megan's law conditions to his parole violated

the Constitution's prohibition on ex post facto laws.   ECF No.  [3].   Both Plaintiff and Daub

consented to have the Magistrate Judge exercise plenary jurisdiction.  ECF Nos. [5] and [11].

On February 28, 2011, Daub filed a Motion to Dismiss the Complaint for failure to state a claim

upon which relief could be granted, ECF No. [9], and a brief in support.  ECF No. [10].  The

Court ordered that Plaintiff had until March 31, 2011 by which to file a response to Daub's

Motion to Dismiss.  ECF No. [12].  Plaintiff never filed a response.  The case was reassigned to

the undersigned in June 2011.  ECF No. [13].  The Court issued an Order to Show Cause to

Plaintiff on August 9, 2011, requiring that Plaintiff show cause why the case should not be

dismissed due to Plaintiff's failure to obey court orders, namely for failure to file a response to

Daub's Motion to Dismiss.  ECF  No. [14].  Plaintiff's response to the order to show cause was

due August 25, 2011.    Plaintiff never filed a response to the Order to Show Cause.

Accordingly, the case should be dismissed due to Plaintiff's repeated failures to obey specific

Court orders.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of

the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court.

Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d

Cir. 1994).  A court's decision to dismiss for failure to prosecute is committed to the court's

sound discretion.  See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998)

("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant

to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City

School Dist., 550 U.S. 516 (2007).  In exercising that discretion, a district court should, to the

extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction

of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to

comply with other procedural rules.  Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d

Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United

States Court of Appeals for the Third Circuit set forth the following six factors to be considered:

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by

the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4)

whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the

meritoriousness of the claim or defense.  Id. at 868.  However, "*Poulis* did not provide a magic

---

[1]  See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the
second *Poulis* factor . . .").  Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863,
868 (3d Cir. 1984).

formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the United States Court of Appeals for the Third Circuit.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Indeed, the United States Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the decision must be made in the context of the district court's extended contact with the litigant."  Id.

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*.  There is no indication that he failed to receive the orders set forth above.  The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendant Daub has been prejudiced by Plaintiff's failures.

(3) A history of dilatoriness.

Plaintiff has twice failed to obey/respond to Court orders including: 1) the March 3, 2011 order directing a response to Daub's Motion to Dismiss and 2) the August 8, 2011 order directing him to file a response to the Order to Show Cause.  Plaintiff's failures to respond to this Court's orders is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*.  Plaintiff has disregarded two orders.  The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

On the face of Plaintiff's complaint, it appears that his claim may not be meritorious. See, e.g., Wolfe v. Diguglielmo, No. 06-5261, 2008 WL 544645, at *10 (E.D. Pa., Feb. 25, 2008) ("the registration, notification, and counseling provisions of Megan's Law do not constitute criminal punishment for ex post facto purposes").

In light of the foregoing, and given this Court's extended contact with Plaintiff, we find that the Poulis factors weigh in favor of dismissal.

**AND NOW**, this 12th day of September 2011, this Civil Action is dismissed with prejudice for Plaintiff's failure to obey Court orders.


Date:  September 12, 2011                    s/Maureen P. Kelly
                                             Maureen P. Kelly
                                             United States Magistrate Judge


cc:    LARRY CHAMBERS
       BA-4755
       SCI FOREST
       PO BOX 945
       MARIENVILLE, PA 16239

       All Counsel of Record via CM-ECF